UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALASAN COLLEY,

        Plaintiff,

                                              CASE NO. 1:26-cv-0565

v.

                                              HON. ROBERT J. JONKER

KEVIN RAYCRAFT et al.,

        Defendants.

_____/

## ORDER TO SHOW CAUSE

        This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement, challenging the lawfulness of Petitioner's current detention.

        The Court has reviewed the application pursuant to 28 U.S.C. § 2243, and orders as follows:

        1.        To the extent that the North Lake Processing Center, the Warden of the North Lake Processing Center, The GEO Group, Inc., and the Sheriff of Lake County are named as Respondents in the petition, they are dismissed as Respondents.

        2.        The Clerk of Court shall serve copies of the petition and this order on the remaining Respondents.

        3.        Not later than 21 days after entry of this order (using the counting rules of

Federal Rule of Civil Procedure 6),[1] Respondents shall show cause in writing why the writ of habeas corpus and other relief requested in the petition should not be granted. Respondents must also respond at the same time to each separate allegation of the petition as if the petition were a pleading under Rule 8 of the Federal Rules of Civil Procedure.

4. Petitioner may file a written reply not later than 10 days after Respondents file their response to the order to show cause (using the counting rules of Federal Rule of Civil Procedure 6).

5. In Respondents' response and Petitioner's reply, the parties shall address any issues of fact that must be resolved. Further, the parties shall elaborate on two atypical points that this petition presents:

   i. How does Petitioner's release on his own recognizance differ from parole, and are those differences material for the statutory or due process analysis?[2]

   ii. How, if at all, does Petitioner's apprehension at an international border crossing change the analysis?

6. In their response, Respondents shall provide copies of the relevant documents that show the statutory basis for Petitioner's release or parole into the

---

[1] Under 28 U.S.C. § 2243, the Court has discretion to enlarge the normal three business day window to up to 20 business days for good cause. Here, there is good cause to grant Respondents additional time to respond because the Court is requesting certain specific information and legal analysis that may not be readily available. The 21-day period calculated under Federal Rule of Civil Procedure 6 will be shorter than 20 business days.

[2] The immigration documents attached to the petition appear to state unequivocally that petitioner did not receive parole, (ECF No. 1-3, PageID.28), but the petition suggests a possibility that Petitioner did actually receive parole, (see, e.g., ECF No. 1, PageID.9). The Court is assuming the Petitioner was released on his own recognizance, but if that is inaccurate, the parties should clarify that matter for the Court.

2

United States and any conditions imposed on Petitioner during his release or parole. If Respondents are unable to provide copies of these documents, they shall provide an explanation in their response as to why they are unable to do so.

7.   The Court will schedule a hearing, if necessary, after the parties have filed their submissions.

**IT IS ORDERED.**

Dated: <u>February 27, 2026</u>              <u>/s/ Robert J. Jonker</u>
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE